UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
605 FIFTH PROPERTY OWNER, LLC,         :
                                       :
                         Plaintiff,    :
                                       :      22cv4590 (DLC)
             -v-                       :
                                       :      OPINION AND ORDER
ABASIC, S.A.,                          :
                                       :
                         Defendant.    :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Jay B. Solomon
Belkin Burden Goldman, LLP
1 Grand Central Plaza
60 E. 42nd Street
Ste 16th Floor
New York, NY 10165

For defendant:
Eric Roman
Arent Fox LLP (NY)
1301 Avenue of the Americas
Ste Floor 42
New York, NY 10019

DENISE COTE, District Judge:

     605 Fifth Property Owner, LLC ("Owner") has sued Abasic,

S.A. ("Abasic") to enforce a guarantee (the "Guarantee") on a

commercial lease held by Abasic's subsidiary.  Owner has

submitted a motion for summary judgment on its claims, and has

requested that its complaint be deemed amended to allege damages

incurred since the complaint was filed.  For the following
reasons, the plaintiff's motion is granted.

## Background

This follows an action filed last year between the same
parties regarding the same lease and guarantee agreements.  The
Court assumes familiarity with its Opinion granting summary
judgment to the plaintiff in that case, and incorporates its
findings and reasoning here.  See 605 Fifth Property Owner, LLC
v. Abasic, S.A., No. 21CV00811, 2022 WL 683746 (S.D.N.Y. Mar. 8,
2022).  Owner brought this case to enforce an unconditional
guarantee agreement (the "Guarantee") with Abasic, in which
Abasic agreed to guarantee its subsidiary's obligations under a
commercial lease (the "Lease").  Abasic's subsidiary, NTS W. USA
Corp. ("NTS"), had intended to use the leased property to open a
retail outlet.  Unfortunately, its plans coincided with the
COVID-19 pandemic.  NTS was unable to profitably operate a
retail establishment, and after several months, it declared
bankruptcy, having made no rental payments.

During bankruptcy proceedings, NTS rejected the Lease, and
initiated an adversary proceeding seeking to avoid its
obligations under the Lease.  The Bankruptcy Court, however,
ruled against NTS in the adversary proceeding, and its ruling
was affirmed by the District Court.  See In re NTS W. USA Corp.,

No. 20CV06692, 2021 WL 4120676 (S.D.N.Y. Sept. 9, 2021).  That
decision is currently on appeal before the Second Circuit.  <u>In
re NTS W. USA Corp.</u>, No. 21-2240.

On February 1, 2021, Owner filed a lawsuit (the "Prior
Action") in the Southern District of New York, seeking to
enforce the Guarantee.  The action was transferred to this Court
on September 9, 2021.  The parties submitted cross-motions for
summary judgment.  The plaintiff sought to enforce the
Guarantee, while Abasic asserted several defenses, including an
argument that the Guarantee was discharged during NTS's
bankruptcy proceedings.  The March 8, 2022 Opinion granted
summary judgment to the plaintiff, finding that the Guarantee
was enforceable, that it had not been discharged during NTS's
bankruptcy, and that Abasic's remaining defenses were
unavailing.  Final judgment was entered in favor of the
plaintiff on April 27.  That judgment is currently on appeal.
<u>605 Fifth Property Owner, LLC v. Abasic, S.A.</u>, No. 22-945.

Owner filed this action on June 2, seeking damages that
have accrued under the Guarantee since it filed for summary
judgment in the Prior Action.  Abasic answered the complaint on
June 27, asserting the same defenses as it asserted in the Prior
Action.  The action was transferred to this Court on August 12.

Owner filed a motion for summary judgment on August 19, including an accounting of rent and other expenses that have accrued under the Guarantee since the end of January, when it submitted its motion for summary judgment in the Prior Action. Abasic opposed the motion on September 9.  Instead of contesting its liability under the Guarantee, however, Abasic argued in its opposition only that the case should be stayed pending the resolution of its appeal of the Prior Action.  Owner submitted its reply on September 23, including an updated accounting of its damages.

### Discussion

I.   Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. co., 299 U.S. 248, 254 (1936)).  "The person seeking a stay bears the burden of establishing its need."  Id. at 97 (citation omitted).  When considering whether to stay a case pending the resolution of related proceedings, courts in this District generally consider five factors:

> (1) the private interests of the plaintiffs in
> proceeding expeditiously with the civil litigation as

balanced against the prejudice to the plaintiffs if
delayed; (2) the private interests of and burden on
the defendants; (3) the interests of the courts; (4)
the interests of persons not parties to the civil
litigation; and (5) the public interest.

Loftus v. Signpost Inc., 464 F. Supp. 3d 524, 526 (S.D.N.Y.
2020).

Owner argues that the four-factor test articulated in
Hilton v. Braunskill, 481 U.S. 770 (1987) should apply.  Under
that test, a court must consider:

(1) whether the stay applicant has made a strong
showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured
absent a stay; (3) whether issuance of the stay will
substantially injure the other parties interested in
the proceeding; and (4) where the public interest
lies.

Id. at 776.  This test, however, applies to the stay of an
"order pending appeal."  Id.; see also Nken v. Holder, 556 U.S.
418, 426 (2009).  Because Abasic seeks a stay of proceedings,
not a stay of an order, this four-factor test does not apply.
Regardless, Abasic's request for a stay must be denied.  Abasic
has not satisfied even the more lenient test for a stay of
proceedings.  And, as this Court explained in denying Abasic's
request to waive the supersedeas bond requirement pending appeal
of the Prior Action, Abasic is unlikely to succeed on the merits
of its appeal, cannot establish irreparable harm, and has not
shown that a stay would serve the parties or the public

interest.  See 605 Fifth Property Owner, LLC v. Abasic, S.A., 21CV00811, 2022 WL 1422821, at *2-4 (S.D.N.Y. May 5, 2022).

Abasic has not shown that a stay is warranted.  Owner has an interest in expeditiously proceeding with the present action, so that it can recover the money it is owed under the Guarantee. Abasic argues that Owner will not receive its money any sooner because it can post a supersedeas bond.  But that bond also benefits the plaintiff, because it helps to "ensure that the prevailing party will recover in full."  In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (citation omitted).  Abasic, by contrast, has an interest in delaying proceedings.  A stay would help Abasic avoid the costs of filing a second appeal and allow it to further delay payments owed under the Guarantee.

With respect to the remaining factors, judicial efficiency is not served by delaying a decision on this action when it could easily be resolved now.  And although the parties have not identified specific other persons with an interest in litigation either way, the public interest is served by the certain and efficient enforcement of unconditional guarantee agreements.

This is the third time that Abasic has requested a stay from this Court while it pursues appeals that are unlikely to succeed.  See 605 Fifth Property Owner, LLC, 2022 WL 683746, at

*5; 605 Fifth Property Owner, LLC, 2022 WL 1422821, at *2-4. Delay was unwarranted then, and it is unwarranted now.  Abasic's request for a stay is denied.

II.  Amendment

Owner moves to deem the complaint amended to allege additional damages accrued since the complaint was filed.  "The decision of whether to allow such an amendment is left to the discretion of the district court judge."  Vermont Plastics, Inc. v. Brine, Inc., 79 F.3d 272, 279 (2d Cir. 1996).  Amendment is inappropriate, however, when it would prejudice the other party. Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94 (2d Cir. 2000).

Here, Owner seeks to amend only to allege damages for rent that has become payable since the complaint was filed.  The Prior Action has put Abasic on notice that it continues to be liable for payments under the Guarantee, and Abasic provides no argument that this amendment would prejudice it.  Accordingly, the complaint is deemed amended to allege $1,254,729.07 in damages for unpaid rent.

III. Summary Judgment

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  "To present a genuine issue of material fact
sufficient to defeat a motion for summary judgment, the record
must contain contradictory evidence such that a reasonable jury
could return a verdict for the nonmoving party."  Horror Inc. v.
Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).
Material facts are those facts that "might affect the outcome of
the suit under the governing law."  Choi v. Tower Rsch. Cap.
LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  In
considering a motion for summary judgment, a court must
"construe the facts in the light most favorable to the non-
moving party and must resolve all ambiguities and draw all
reasonable inferences against the movant."  Kee v. City of New
York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

When a case involves a matter that has previously been
litigated, its outcome may be determined by the related
doctrines of res judicata (claim preclusion) or collateral
estoppel (issue preclusion).  "The doctrine of res judicata, or
claim preclusion, holds that a final judgment on the merits of
an action precludes the parties or their privies from
relitigating issues that were or could have been raised in that
action."  In re Motors Liquidation Co., 943 F.3d 125, 130 (2d
Cir. 2019) (citation omitted).  The doctrine of collateral
estoppel, or issue preclusion, prevents the relitigation of

8

issues rather than claims.  Specifically, it "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment."  United States v. Jones, 43 F.4th 94, 101 (2d Cir. 2022) (citation omitted).  "[A] judgment's preclusive effect is generally immediate, notwithstanding any appeal."  Coleman v. Tollefson, 575 U.S. 532, 539 (2015).

Owner seeks to enforce the same Guarantee at issue in the Prior Action.  Both actions involve the same parties, the same claims, and the same defenses.  Abasic has pointed to no issue relevant to the case that was not resolved in the Prior Action, or that was not essential to the final judgment.  Indeed, Abasic states that it "does not currently seek to refute the allegations" in Owner's motion for summary judgment, and it does not contest Owner's calculation of damages.  Abasic also acknowledges that the resolution of this action is "entirely depend[e]nt on the outcome of the [a]ppeal" of the Prior Action. The judgment in the Prior Action, however, has preclusive effect even pending appeal.  Id.  The judgment in the Prior Action therefore controls.  And even if it did not, the reasoning of the March 8 Opinion granting summary judgment to the plaintiff in the Prior Action would compel the same result here. Accordingly, summary judgment is granted to the plaintiff on its

claims for breach of contract and attorney's fees, and on each
of Abasic's defenses.

## Conclusion

Owner's August 19 motion to amend its complaint and for
summary judgment on its claims and the defendant's defenses is
granted.  Defendant is liable to the plaintiff for
$1,254,729.07, as well as attorney's fees and legal costs.  The
plaintiff shall submit a proposed judgment no later than
November 18, 2022.

Dated:    New York, New York
          November 8, 2022

                                    _____
                                    DENISE COTE
                                    United States District Judge